**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

In re:

Cynthia Gamble McFadden and
Douglas McFadden,
              Debtors.

Case No. 14-03781-jw
Chapter 13

**MOTION OF THE UNITED STATES TRUSTEE FOR TERMINATION OF ATTORNEY'S SERVICES, FORFEITURE OF REMAINING FEES, AND OTHER RELIEF AS MAY BE APPROPRIATE WITH SUPPORTING MEMORANDUM**

The United States Trustee for Region Four (the "UST") hereby moves for the Court to terminate the attorney's services in this case, find that any remaining fees are forfeited, and to grant other relief as may be determined to be appropriate under 11 U.S.C. § 105, § 329(b), § 526(c), and the Court's inherent authority (the "Motion").

This Motion is filed pursuant to 28 U.S.C. § 586, 11 U.S.C. § 307, § 329, § 526, and § 105,[1] and Local Civil Rule 83.IX.01 DSC. This matter is a core proceeding. 28 U.S.C. § 157(b)(2)(A). The Court has jurisdiction of this matter.

## FACTS

1. The debtors filed for relief pursuant to chapter 13 of the United States Bankruptcy Code on July 2, 2014. Counsel of record for the debtors is Suzanna R. MacLean, MacLean Law Firm, LLC ("Attorney").

2. On September 11, 2014, the debtors' plan was confirmed.

3. There are no pending matters appearing on Pacer for the debtors' case.

---

[1] All further references to 11 U.S.C. § 101, et seq. will be by section number only.

1

4. On December 6, 2017, the UST filed a motion for review of Attorney's conduct in a chapter 7 case in which Attorney was the attorney of record, due to Attorney's failure to appear at the meeting of creditors, file required documents, and respond to the debtors and the UST. *See In re* Zingle and Joan D. Epps, Case No. 15-00629-dd, Docket No. 41. The Court entered an order finding that Attorney failed to fulfill her duties in that case. *Id.* Docket No. 51. Attorney did not respond to the motion or appear at any hearings.

5. On February 2, 2018, the UST filed a motion for a rule to show cause in a chapter 13 case in which Attorney was the attorney of record, due to Attorney's failure to respond to her client. *See In re* Crystal D. McIntosh, Case No. 16-02570-dd, Docket No. 64. The Court entered an order terminating Attorney's services and finding that she would receive no further fees in the case. *Id.* Docket No. 77. Attorney did not respond to the motion or appear at the hearing.

6. The address Attorney provided to the Court to be used in this case and other cases is PO Box 3403, Sumter, SC 29151. A previous motion of the UST was served on this address, and the delivery envelope was returned with a note that it was "not deliverable as addressed and unable to forward." Attorneys for some of the chapter 13 trustees also noted that their offices had received returned mail that had been sent to this address.

7. On February 9, 2018, a motion to reconsider dismissal, to substitute attorney, and to redirect any remaining fees to be paid to Attorney was filed in another chapter 13 case, in which Attorney is the attorney of record. *See In re* Foster L. Sumpter, Jr., Case No. 17-03813-jw. The motion alleged that the debtor in that case had been unable to contact Attorney.

8. On February 26, 2018, Attorney was administratively suspended by the SC Bar for

2

her failure to pay her license fees. Until Attorney is reinstated after paying her fees, Attorney is currently unable to practice law.

9. According to the chapter 13 trustee, $8.83 remains to be paid to Attorney in the present case. Attorney has been paid approximately $2,591.17 through the plan.

10. Attorney is a debt relief agency within the meaning of § 101(12)(a) and provided bankruptcy assistance to the debtors. The debtors are "assisted persons" as defined by § 101(3) because they have primarily consumer debts and the value of their non-exempt property according to their bankruptcy schedules is less than $192,450.

## **DISCUSSION**

Section 526(a)(1) provides that a debt relief agency shall not fail to perform any service that such agency informed an assisted person or prospective assisted person it would provide in connection with a case or proceeding under this title. Pursuant to Local Bankruptcy Rule 9011-1(b), an attorney who files documents for or on behalf of a party in interest shall remain the responsible attorney for all purposes including the representation of the party at all hearings and in all matters that arise in conjunction with the case. Attorney has not been relieved as attorney of record for the debtors, and therefore, remains the debtors' attorney in all matters. As Attorney is required by § 528(a) to have an executed written contract with the debtors before the bankruptcy filing, it is presumed that Attorney has such an agreement with the debtors, and that such agreement is consistent with the Bankruptcy Rules.

While the UST is not aware of the debtors trying to contact Attorney, the facts established in the other cases discussed above indicate that the debtors would be unable to contact Attorney if they needed to do so. Attorney's mail is being returned, and Attorney has failed to respond to telephone calls and/or e-mails from other clients, some of the chapter 13

trustees, other attorneys, and the UST. Attorney has also failed to comply with orders of the Court requiring her appearance before the Court. As such, it appears that Attorney cannot perform services that Attorney stated she would provide because she has failed to maintain a method for the debtors to contact her during their case.

Section 526(c)(1) states that "any contract for bankruptcy assistance between a debt relief agency and an assisted person that does not comply with the material requirements" of §§ 526, 527 or 528 "shall be void and may not be enforced by any Federal or State court or by any other person, other than such assisted person." Attorney's failure to be available to her clients violates their agreement, and as such, the agreement is void and Attorney's services should be terminated. As such, the UST would request that the Court find that Attorney is not entitled to any further fees, and that the remaining funds to be remitted to Attorney is forfeit. Additionally, the UST requests that if the debtors decide to retain new counsel, the remaining funds may be directed to compensate new counsel as appropriate.

The Court has the duty and authority to regulate the litigants that appear before it and address improper conduct. *Chambers v. NASCO, Inc.*, 501 US 32 (1991). This inherent power allows bankruptcy courts to discipline attorneys who appear before it. *Williams v. Lynch (In re Lewis)*, 2015 U.S. App. LEXIS 9597 (4th Cir. 2015). Bankruptcy courts have the inherent authority to impose civil sanctions for abuses of the bankruptcy process. *Jones v. Bank of Santa Fe (In re Courtesy Inns Ltd., Inc.)*, 40 F.3d 1084, 1089 (10th Cir. 1994). Additionally, 11 U.S.C. § 105 gives to bankruptcy courts the broad power to implement the provisions of the Bankruptcy Code and to prevent the abuse of the bankruptcy process, which includes the power to sanction counsel. *In re Walters*, 868 F.2d 665, 669 (4th Cir. 1989); *In re Clark*, 223 F.3d 859, 864 (8th

4

Cir. 2000); *Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.)*, 77 F.3d 278, 284 (9th Cir. 1996).

Section 329(b)(2) provides in part that if the compensation paid to the attorney exceeds the reasonable value of any such services, the court may order the return of any such payment to the entity that made such payment. "These provisions [§ 329 and B.R. 2017] furnish the court with express power to review payments to attorneys for excessiveness . . ." *In re Walters*, 868 F.2d 665, 667 (4th Cir. 1989) (quoting *In re Martin*, 817 F.2d 175, 180 (1st Cir. 1987). It is the attorney's burden to show the reasonableness of the fees. *In re Busche*, Case No. 15-02559-dd, Slip Op., 2015 Bankr. LEXIS 3669 (Bankr. D.S.C. 10/27/2015). Attorney's failure to be available to her clients supports that she should not receive any further fees in this case.

It appears that Attorney had been fulfilling her duties in this case. However, if the debtors tried to contact Attorney for assistance, the current facts indicate that the debtors would not be able to reach Attorney, and at this time, Attorney would be unable to assist them if they did due to her administrative suspension. Therefore, the UST requests the Court find that Attorney has materially breached her agreement with the debtors, that her services are terminated so the debtors may retain a new attorney if they so choose, and to find that Attorney is not entitled to any further compensation.

WHEREFORE, for the reasons set forth herein, the UST requests that the Court terminate Attorney's services in this case, find that she has forfeited the remaining fees to be paid to her by the chapter 13 trustee, direct that the remaining fees may be redirected to any new attorney retained by the debtors as appropriate, and impose any other sanctions or remedies as may be appropriate.

                                        JOHN P. FITZGERALD, III
                                      United States Trustee, Region 4

                                      By: /s/ Elisabetta G. Gasparini
                                      Elisabetta G. Gasparini, Id. No. 11548
                                      Office of the U. S. Trustee
                                      1835 Assembly St., Suite 953
                                      Columbia, South Carolina  29201
                                      (803) 765-5227
March 6, 2018                       elisabetta.g.gasparini @usdoj.gov

CERTIFICATE OF SERVICE
Case No: 14-03781-jw

I, the undersigned, do hereby certify that on the 6th day of March, 2018, I served the below-named parties with copies of the following documents:

**MOTION OF THE UNITED STATES TRUSTEE FOR TERMINATION OF ATTORNEY'S SERVICES, FORFEITURE OF REMAINING FEES, AND OTHER RELIEF AS MAY BE APPROPRIATE WITH SUPPORTING MEMORANDUM**
and

**CERTIFICATE OF SERVICE**

by mailing said copies to them by first-class, United States mail, postage prepaid, with return address clearly shown to said parties at the addresses shown below:

Cynthia Gamble McFadden
411 Moore Street
Lake City, South Carolina 29560

Douglas McFadden
411 Moore Street
Lake City, South Carolina 29560

Suzanna R. MacLean
MacLean Law Firm, LLC
PO Box 3403
Sumter, South Carolina 29151

Suzanna R. MacLean
MacLean Law Firm, LLC
107 N. Main Street
Sumter, South Carolina 29151

Suzanna R. MacLean
107 N. Blanding Street
Lake City, South Carolina 29560-2119

and/or by electronic transmission through the Court's Electronic Case Filing system to the following participants:

William K. Stephenson, Jr.
Suzanna R. MacLean

By: /s/ Elisabetta G. Gasparini
Elisabetta G. Gasparini, Id. No. 11548
Office of the U. S. Trustee
1835 Assembly St., Suite 953
Columbia, South Carolina  29201
(803) 765-5227

March 6, 2018                                        elisabetta.g.gasparini @usdoj.gov